Guido Raymond Boccaleoni
2283 W Hearn Ave
Santa Rosa, CA 95407
(707) 484-5000
guido1940@yahoo.com

PLAINTIFF IN PRO PER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guido Raymond Boccaleoni | Case No.: 3:26-cv-02944-TLT |
| | |
| | **PLAINTIFF'S REQUEST TO STAY HEARINGS ON DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS; PLANTIFF'S NOTICE OF MOTION TO REMAND; MEMORANDUM OF POINT AND AUTHORITIES** |
| Plaintiff(s), | |
| vs. | |
| Carrington Mortgage Services, LLC, Clear | |
| Reacon Corp, and Does 1 to 10 | |
| | DEMAND FOR JURY TRIAL |
| | **DATE:  July 21, 2026** |
| Defendant(s). | **TIME:  2:00 P.M.** |
| | **DEPT:  09** |
| | |
| | Motion to Dismiss hearing: May 19, 2026, at 2:00 P.M. |
| | |
| | Judge:  Hon. Trina L Thompson |

**PLEASE TAKE NOTICE** that, upon the accompanying memorandum in support of the motion, and all prior pleadings and filings, Plaintiff Guido Raymond Boccaleoni will move before the Honorable Trina L Thompson, at 450 Golden Gate Avenue San Francisco, CA 94102, on July 21, 2026, at 2:00 P.M., for an Order pursuant to 28 U.S.C. Sections 1446 and 1447, to remand the instant

case to the Superior Court of the State of California for the County of Sonoma and any other and further relief as the Court deems proper and just.

Plaintiff Guido Raymond Boccaleoni respectfully requests that the Court stay hearings on Defendant Carrington Mortgage Services, LLC's Motion to Dismiss (ECF No.8, filed by Carrington Mortgage Services, LLC) and Plaintiff Guido Raymond Boccaleoni's opposition to the Motion to Dismiss, pending resolution of the threshold jurisdictional question at the July 21, 2026, remand hearing.

## STATEMENT OF ISSUES

Is the removal from the state court to the Court defective, when the defendant removed the case before the objection to the forum defendant's declaration of non-monetary status under California Civil Code Section 2924l is due, and when the domestic defendant is the trustee of the underlying deed of trust and recorded a defective notice of default?

## STATEMENT OF FACTS

**A.      The parties**

Plaintiff Guido Raymond Boccaleoni is married to Charlotte Kay Boccaleoni. Compl., ¶ 13. The property located at 2283 W Hearn Ave, Santa Rosa, CA 95407, in the County of Sonoma, is Charlotte Kay Boccaleoni's sole and separate property. Compl., ¶ 10, 13 (hereinafter "Subject Property"). In 2017, Charlotte Kay Boccaleoni obtained a reverse mortgage loan. Compl., ¶ 13.

Defendant Carrington Mortgage Services, LLC, is the grantee of the Trustee's Deed Upon Sale ("Trustee's Deed," Document Number: 2024054652, recorded on November 4, 2024, in the County of Sonoma) at issue in the instant case.

Defendant Clear Recon Corp, is the substitute trustee of the Deed of Trust (Document Number 202115053, recorded on October 19, 2021, in the County of Sonoma). Clear Recon Corp regularly engages in mortgage-related activities in the State of California and in the County of Sonoma.

3:26-cv-02944-TLT, *Boccaleoni v. Carrington Mortgage Services, LLC et al*, PLAINTIFF'S REQUEST TO STAY HEARINGS ON DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS; PLAINTIFF'S NOTICE OF MOTION TO REMAND; MEMORANDUM OF POINT AND AUTHORITIES

**B.    Defendant Clear Recon Corp's role in the nonjudicial foreclosure proceedings against Subject Property**

On October 19, 2021, approximately ten months after Charlotte Kay Boccaleoni's death, a notice of default was recorded, commencing the foreclosure. ("Notice of Default.") The Notice of Default, signed under Defendant Clear Recon Corp's authorization, contains an attachment titled "Declaration of Mortgage Servicer Pursuant to California Civil Code §2923.55(c) and §3273.10." Compl., Ex. 4. The Declaration states that "[n]o contact was made with the borrower pursuant to California Civil Code§ 2923.55 because the above referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan, or that encumbers real property, described in California Civil Code§ 2924.15." Compl., Ex. 4. On June 21, 2024, a notice of Trustee's Sale was recorded. ("Notice of Trustee's Sale.") Compl., ¶ 22.

**C.    Proceedings before the state court and the Court**

Guido Raymond Boccaleoni commenced the instant case in the Superior Court of California, County of Sonoma (hereinafter "State Court") by filing the complaint on February 18, 2026. ECF No. 8—Def.'s Mot. to Dismiss, 1. In the Complaint, Guido Raymond Boccaleoni raised thirteen causes of action, all of which are against all Defendants, including Defendant Clear Recon Corp. *See generally*, Compl.

On March 12, 2026, Guido Raymond Boccaleoni served Defendant Clear Recon Corp. Pl.'s Request for Judicial Notice, Ex. 1. Defendant Clear Recon Corp was served at the address of 3333 Camino Del Rio South 225, San Diego, CA 92116. *Id.*

On April 6, Defendant Carrington Mortgage Services, LLC, removed the instant case to this Court. ECF No. 1—Def.'s Notice of Removal of Action, at 1, 8. Defendant Carrington Mortgage Services, LLC, did not challenge that Clear Recon Corp regularly engages in mortgage-related activities in the State of California and in the County of Sonoma. ECF No. 1—Def.'s Notice of Removal of Action, at 4. Moreover, Defendant Carrington Mortgage Services, LLC, admits that "Clear Recon has consented to removal." *Id.*, at 7.

On April 13, Guido Raymond Boccaleoni, submitted the Motion in Opposition to Defendant Clear Recon Corp's Declaration of Non-Monetary Status to the State Court. Pl.'s Request for Judicial Notice, Ex. 4, at 10. The State Court did not accept the Motion due to Defendant Carrington Mortgage Services, LLC's removal. Pl.'s Request for Judicial Notice, Ex. 3. The State Court's Clerk informed Guido Raymond Boccaleoni that "Case is now in the jurisdiction of the Federal Court. & Rejection Reason: Other." Pl.'s Request for Judicial Notice, Ex. 3.

# ARGUMENTS

## I.    THE COURT SHOULD STAY THE MOTION TO DISMISS HEARING PENDING RESOLUTION OF JURISDICTION.

A federal court must confirm its jurisdiction before proceeding to adjudicate the merits of a case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Where removal jurisdiction is contested, the Court should resolve that threshold question before requiring the parties to address the merits. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).

Here, the motion to dismiss is noticed for May 19, 2026. ECF No. 15. If this Court grants this motion to remand, the motion to dismiss will become moot, regardless of when the hearing for the motion to dismiss will be held. There is no sound basis for requiring the parties to litigate the merits of a case that may not belong in this forum. Therefore, with this Motion to Remand pending, this Court should stay the Motion to Dismiss hearing, until this Court resolves the threshold jurisdiction question.

## II.    THE MOTION TO REMAND BASED ON FORUM DEFENDANT IS TIMELY.

When diversity between the plaintiff and the defendants is the basis of removal, and at least one defendant "is a citizen of the State in which such action is brought," the removal contains a non-jurisdictional defect. 28 U.S.C.A. § 1441(b)(2); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006). Such a non-jurisdictional defect is subject to the thirty-day time limit imposed by 28 U.S.C.A. § 1447. 28 U.S.C.A. § 1447(c) (West). In the instant case, the motion to remand is timely.

Here, Defendant Carrington Mortgage Services, LLC, filed the notice of removal to the state court on April 6, 2026. ECF No. 1—Def.'s Notice of Removal of Action, at 1. Defendant Carrington Mortgage Service, LLC, admits that the instant case "is one that may be removed to this Court . . . because it is a civil action between citizens of different states." *Id.*, at 2.

For the reasons set forth below, the instant case should be remanded to the State Court.

### III.    PARTIES LACK DIVERSITY WHEN DEFENDANT CLEAR RECON CORP IS NOT A NOMINAL OR FORMAL DEFENDANT.

Federal diversity must exist "as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). Here, when Defendant Carrington Mortgage Services, LLC, removed the instant case to this Court on April 6, 2026, Defendant Clear Recon Corp is not a nominal or formal defendant. Defendant Clear Recon Corp's declaration of non-monetary status was still in the extended objection period. Guido Raymond Boccaleoni did file the objection within the objection period. Guido Raymond Boccaleoni raised at least one claim against Defendant Clear Recon Corp. to destroy the alleged diversity.

**A.    Defendant Clear Recon Corp is not a nominal party when Guido Raymond Boccaleoni has timely filed the objection to Defendant Clear Recon Corp's alleged non-monetary status, and the removal is premature when it was filed before the due date for the objection.**

When a plaintiff files the required objection under California Civil Code Section 2924l within the fifteen-day period after the service of the declaration of non-monetary status, a defendant trustee "shall thereafter be required to participate in the action or proceeding." Cal. Civ. Code § 2924l(c),(e) (West).

In California, "in the absence of a specific exception provided for by this section or other statute or rule of court," when the service is done by mail, "any period of notice and any right or duty to do any act or make any response within any period" will subject to a five-day extension, if the mailing address is within the State of California. Cal. Civ. Proc. Code § 1013(a) (West). California Civil Code Section 2924l(c) does not specify any extension period. *See* Cal. Civ. Code § 2924l(c).

- 5 -

When the defendant removes a case involving the declaration of non-monetary status and its objection based on diversity to the federal courts, "courts refuse to ignore the 'nominal' party's citizenship for purposes of diversity jurisdiction when the case is removed to federal court before the fifteen-day objection period has expired." Krista Koenig v. Fin. of Am. Reverse LLC et al. Additional Party Names: Carrington Mortg. Servs., LLC, Clear Recon Corp., Koenig Fam. Tr. dated July 31, 2020, No. 5:26-CV-01495-SSS-SPX, 2026 WL 1196323, at *3 (C.D. Cal. Apr. 27, 2026) (*citing* Jenkins v. Bank of Am., N.A., No. CV 14-04545 MMM JCX, 2015 WL 331114 (C.D. Cal. Jan. 26, 2015).); *see also* Wise v. Suntrust Mortg., Inc., No. 11-CV-01360-LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011) (*holding* that when the defendant mortgagee removed the case to a federal court before the objection to the defendant trustee's declaration of non-monetary status is due, the defendant trustee "had not yet attained non-monetary status and was not yet a nominal party for purposes of diversity jurisdiction.").

Here, on March 25, 2026, Defendant Clear Recon Corp served the declaration of its non-monetary status for the action before the state court. Pl.'s Request for Judicial Notice, Ex. 2, at 5. The fifteen-day period for objection would originally be over by April 9. Defendant Clear Recon Corp served Guido Raymond Boccaleoni via mail. Pl.'s Request for Judicial Notice, Ex. 2—Def. Clear Recon Corp's Declaration of Non-Monetary Status, Declaration of Service. The service by mail was performed on March 25, 2026. Therefore, with the five-day extension under California Code of Civil Procedure Section 1013, Guido Raymond Boccaleoni's objection is timely when the objection is filed before April 14, 2026.

On April 13, 2026, Guido Raymond Boccaleoni submitted the objection to Defendant Clear Recon Corp's Declaration of Non-Monetary Status in the State Court. Pl.'s Request for Judicial Notice, Ex. 3, Ex. 4. The State Court did not accept the submission because of Defendant Carrington Mortgage Services, LLC's removal of the case to this Court. Pl.'s Request for Judicial Notice, Ex. 3. Therefore, under California Civil Code Section 2924l, since Guido Raymond Boccaleoni timely submitted the objection, and the removal is the only obstacle that prevented the objection's filing, the

objection should be deemed as timely, and Defendant Clear Recon Corp is required to participate in the action.

On April 6, 2026, eight days before Guido Raymond Boccaleoni's Opposition to Non-Monetary Status would be due on April 14, Defendant Carrington Mortgage Services, LLC, removed the instant case before this Court. The removal happened within the fifteen-day period, in which Guido Raymond Boccaleoni could object to Defendant Clear Recon Corp's declaration of non-monetary status, and eight days before Guido Raymond Boccaleoni's objection to Defendant Clear Recon Corp's declaration of non-monetary status would be due. Therefore, the removal is premature because Defendant Clear Recon Corp is not a nominal party. Defendant Clear Recon Corp's citizenship as a California entity should be recognized and supports the remand of the instant case.

**B.    Defendant Clear Recon Corp's Defective Declaration in the Notice of Default is sufficient to destroy the alleged diversity.**

As this Court held, "[i]n order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant. [citation]" Wise v. Suntrust Mortg., Inc., No. 11-CV-01360-LHK, 2011 WL 1466153, at *3 (N.D. Cal. Apr. 18, 2011). In *Wise*, the plaintiff raised violation of California Civil Code Section 2923.5 against the defendant trustee. *Id.* This Court held that the defendant trustee is not fraudulently joined for the purpose of determining diversity jurisdiction. *Id.* This Court reasoned that "if Plaintiff is able to state a claim for violations of Section 2923.5, she may be able to obtain injunctive relief against both [defendant mortgagee and defendant trustee] to postpone any further foreclosure proceedings." Wise v. Suntrust Mortg., Inc., No. 11-CV-01360-LHK, 2011 WL 1466153, at *3 (N.D. Cal. Apr. 18, 2011)

Here, like in *Wise*, where the plaintiff raised a section in the California Civil Code in the state court action to challenge the foreclosure sale against the defendant trustee, Guido Raymond Boccaleoni raised the cause of action of wrongful foreclosure based on California Civil Code Section 2923.3 *et seq.* in the Complaint. Compl., ¶¶ 85-87. Section 2923.5 is immediately close to Section 2923.

3:26-cv-02944-TLT, *Boccaleoni v. Carrington Mortgage Services, LLC et al*, PLAINTIFF'S REQUEST TO STAY HEARINGS ON DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS; PLANTIFF'S NOTICE OF MOTION TO REMAND; MEMORANDUM OF POINT AND AUTHORITIES

Moreover, in the Objection to Defendant Clear Recon Corp's Declaration of Non-Monetary Status, Guido Raymond Boccaleoni argued extensively on Defendant Clear Recon Corp's defective Notice of Default that was recorded in 2021. Pl.'s Request for Judicial Notice, Ex. 4. The arguments exposed Defendant Clear Recon Corp's violation of California Civil Code Sections 2923.5 and 2923.55. Pl.'s Request for Judicial Notice, Ex. 4. Therefore, Guido Raymond Boccaleoni has pleaded sufficiently to support a claim of violation of the California Civil Code, which forecloses Defendants' argument on fraudulent joinder.

## **CONCLUSION**

The grounds raised by Defendant Carrington Mortgage Services, LLC, will fail when this Court finds that Plaintiff timely filed the Opposition to Non-Monetary Status and that Defendant Clear Recon Corp is properly joined. When this Court lacks subject matter jurisdiction, a motion to dismiss will be moot. WHEREFORE, in the view of the foregoing, Guido Raymond Boccaleoni respectfully requests that the Court remand the instant case to the Superior Court of the State of California for the County of Sonoma and grant Plaintiff Guido Raymond Boccaleoni the relief requested and for such other relief as the Court deems just and proper.

Respectfully submitted,

DATED: May 6, 2026

_____
Guido Raymond Boccaleoni
In Pro Per

3:26-cv-02944-TLT, *Boccaleoni v. Carrington Mortgage Services, LLC et al*, PLAINTIFF'S REQUEST TO STAY HEARINGS ON DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS; PLANTIFF'S NOTICE OF MOTION TO REMAND; MEMORANDUM OF POINT AND AUTHORITIES